**JACKSON LEWIS P.C.**
44 S. Broadway
Floor 14
White Plains, New York 10601
Kseniya Zilberman, Esq.
(914) 872-6880
*Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

---

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

         Plaintiff,

    -against-

PEARSON EDUCATION, INC.,

         Defendant.

Case No.: 2:25-cv-12214

**ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendant, PEARSON EDUCATION, INC. (hereinafter "Defendant"), by and through its undersigned counsel, Jackson Lewis P.C., hereby responds to the allegations set forth in the Complaint filed by Plaintiff U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (hereinafter "Plaintiff") as follows:

### AS TO "NATURE OF ACTION"

Defendant denies the allegations set forth in "Nature of Action" Paragraph of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

### AS TO "JURISDICTION AND VENUE"

1. Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except admits that Plaintiff purports that this Court has jurisdiction over its claims, and Defendant respectfully refers all questions of law to the Court.

2.     Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except admits that Plaintiff purports that the alleged unlawful practices were and are being committed within this Court's jurisdiction, and Defendant respectfully refers all questions of law to the Court.

**AS TO "PARTIES"**

3.     Defendant denies the allegations set forth in Paragraph "3" of the Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refer all questions of law to the Court.

4.     Defendant admits the allegations set forth in Paragraph "4" of the Complaint.

5.     Defendant denies the allegations set forth in Paragraph "5" of the Complaint, except states that Plaintiff purports Defendant engaged in industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), and Defendant respectfully refers all questions of law to the Court.

6.     Defendant denies the allegations set forth in Paragraph "6" of the Complaint, except states that Plaintiff purports Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2), and Defendant respectfully refers all questions of law to the Court.

**AS TO "ADMINISTRATIVE PROCEDURES"**

7.     Defendant admits the allegations set forth in Paragraph "7" of the Complaint.

8.     Defendant admits the allegations set forth in Paragraph "8" of the Complaint.

9.     Defendant denies the allegations set forth in Paragraph "9" of the Complaint, except admits that the Commission initiated the informal methods of conciliation.

10.     Defendant denies the allegations set forth in Paragraph "10" of the Complaint, except admits that the Commission engaged in communications with Defendant.

11.     Defendant admits the allegations set forth in Paragraph "11" of the Complaint.

2

12.    Defendant admits the allegations set forth in Paragraph "12" of the Complaint.

13.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "13" of the Complaint, and Defendant respectfully refers all questions of law to the Court.

## AS TO "STATEMENT OF CLAIMS"

14.    Defendant admits the allegations set forth in the first sentence of the Paragraph "14" of the Complaint, and Defendant respectfully refers all questions of law to the Court.

15.    Defendant admits the allegations set forth in Paragraph "15" of the Complaint.

16.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "16" of the Complaint.

17.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint, and Defendant respectfully refers all questions of law to the Court.

18.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "18" of the Complaint.

19.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "19" of the Complaint.

20.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "20" of the Complaint.

21.    Defendant admits the allegations set forth in Paragraph "21" of the Complaint.

22.    Defendant admit the allegations set forth in Paragraph "22" of the Complaint.

23.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "23" of the Complaint.

24.    Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25.    Defendant admits the allegations set forth in Paragraph "25" of the Complaint.

26.    Defendant admits the allegations set forth in Paragraph "26" of the Complaint.

27.    Defendant denies the allegations set forth in Paragraph "27" of the Complaint, except admits that Defendant provides its employees access to employee benefits, leave, and employee performance through online platforms.

28.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "28" of the Complaint.

29.    Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

30.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "30" of the Complaint.

31.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "31" of the Complaint.

32.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "32" of the Complaint.

33.    Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "34" of the Complaint.

35.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "35" of the Complaint.

36.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "36" of the Complaint.

37.    Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

38.     Defendant denies the allegations set forth in Paragraph "38" of the Complaint.

39.     Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40.     Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "41" of the Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "42" of the Complaint.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "43" of the Complaint.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "44" of the Complaint.

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "45" of the Complaint.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "46" of the Complaint.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "47" of the Complaint.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "48" of the Complaint.

49.     Defendant denies [confirm] the allegations set forth in Paragraph "49" of the Complaint.

5

## AS TO "COUNT I:

### *Violation of the ADA – Failure to Provide Reasonable Accommodation*"

50.     Defendant repeats and realleges its responses to Paragraphs "1" through "49" above as if set forth fully herein in response to Paragraph "50" of the Complaint.

51.     Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

52.     Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

53.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph "53" of the Complaint.

54.     Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

55.     Defendant denies the allegations set forth in Paragraph "55" of the Complaint.

56.     Defendant denies the allegations set forth in Paragraph "56" of the Complaint

57.     Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

58.     Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

## AS TO "COUNT II:

### *Violation of the ADA – Denial of Equal Access to the*
### *Terms, Conditions or Privileges of Employment*"

59.     Defendant repeats and realleges its responses to Paragraphs "1" through "58" above as if set forth fully herein in response to Paragraph "59" of the Complaint.

60.     Defendant denies the allegations set forth in Paragraph "60" of the Complaint.

61.     Defendant denies the allegations set forth in Paragraph "61" of the Complaint.

62.     Defendant denies the allegations set forth in Paragraph "62" of the Complaint.

63.     Defendant denies the allegations set forth in Paragraph "63" of the Complaint.

64.     Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

## AS TO "COUNT III:

### *Violation of the ADA – Participation in Contractual Arrangement that Subjects Employees to Discrimination on the Basis of Disability*"

65. Defendant repeats and realleges its responses to Paragraphs "1" through "64" above as if set forth fully herein in response to Paragraph "65" of the Complaint.

66. Defendant denies the allegations set forth in Paragraph "66" of the Complaint.

67. Defendant admits the allegations set forth in Paragraph "67" of the Complaint.

68. Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

69. Defendant denies the allegations set forth in Paragraph "69" of the Complaint.

70. Defendant denies the allegations set forth in Paragraph "70" of the Complaint.

71. Defendant denies the allegations set forth in Paragraph "71" of the Complaint.

72. Defendant denies the allegations set forth in Paragraph "72" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

73. Defendant denies the allegations set forth in Paragraph "73" of the Complaint, including subparagraphs A-H.

## AS TO "JURY DEMAND"

Defendant denies the allegations set forth in this Paragraph of the Complaint except admits that Plaintiff purports to demand a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

### STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that Defendant otherwise would not have.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Whatever injuries the Aggrieved Individuals may have sustained were caused in whole or in part, or were contributed to, by the culpable conduct and/or want of care on the part of the Aggrieved Individuals or by someone over whom the answering defendants had no control.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted as a matter of fact or and/or law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant's actions regarding Plaintiff were based upon legitimate, non-discriminatory reasons unrelated to the Aggrieved Individuals' disability or any alleged protected activity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Aggrieved Individuals have failed to mitigate any of their alleged damages, and to the extent of such failure to mitigate, any damages awarded to plaintiffs should be reduced accordingly.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any and all acts of Defendant were performed in good faith and without malice.

8

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not sustained any damages as a result of any alleged act or omission by Defendants.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Defendant's actions have been taken in good faith conformity with and reliance upon established rulings, administrative regulations and interpretations and/or advice of counsel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, laches, the after-acquired evidence doctrine, the unclean hands doctrine, and/or the election of remedies doctrine.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

To the extent Defendant denied the Aggrieved Individuals' request for accommodation, such accommodation would have imposed an undue hardship on Defendants' operations or was otherwise prohibited by law or regulation.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to properly and timely exercise and exhaust their administrative remedies and the complaint is thereby defective.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Any and all claims in the Complaint, based in whole or in part, upon any alleged physical or emotional injury or distress are barred because plaintiff sole and exclusive remedy, if any, for such injuries is governed by the New York Workers' Compensation Act and before the Workers' Compensation Board.

9

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Any and all employment actions taken with regard to Aggrieved Individuals were taken in good faith and for legitimate purposes.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent the Aggrieved Individuals may be qualified individuals with a disability, Defendant avers that Defendant met any obligations to engage in an interactive process with Aggrieved Individuals to identify reasonable accommodations.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from seeking compensatory and punitive damages because Defendant made good faith efforts, in consultation with Aggrieved Individuals, to identify and make a reasonable accommodation that would provide Aggrieved Individuals with an equally effective opportunity.

**WHEREFORE**, having fully answered and responded to the averments of Plaintiff's Complaint, Defendant respectfully requests that:

(a) Plaintiff's claims be dismissed with prejudice and in their entirety;

(b) Each and every prayer for relief set forth in the Complaint be denied;

(c) Judgment be entered in favor of Defendant;

(d) All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable laws; and

(e) Defendant be granted such other relief as this Court may deem just and proper.

10

Dated:          January 30, 2026
                White Plains, New York

                              Respectfully Submitted:
                              JACKSON LEWIS P.C.
                              44 South Broadway, 14th Floor
                              White Plains, New York 10601
                              (914) 872-8060

                        By:   *s/Kseniya Zilberman*
                              Kseniya Zilberman
                              *Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------X

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                                Plaintiff,

             -against-                        Case No.: 2:25-cv-12214

PEARSON EDUCATION, INC.,

                                Defendant.

-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of Defendant's Answer to the Plaintiff's Complaint has been electronically filed and served via ECF at the addresses set forth below on the 30th day of January 2026, on counsel for the Party who entered their notice of appearance in this matter:

EDUMIN CORRALES
Trial Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Newark Area Office
Two Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ 07102
Telephone: (862) 338-9424
Edumin.Corrales@eeoc.gov
*Attorneys for Plaintiff*

                                  *s/Kseniya Zilberman*
                                  Kseniya Zilberman

4922-2628-9803, v. 4